

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | Mag. Case No. **'07 MJ 8867** |
|              ) | |
| Plaintiff,           ) | COMPLAINT FOR VIOLATION OF: |
|              ) | |
| v.           ) | Title 8, U.S.C., Section 1324 (a)(1)(A)(ii) |
|              ) | Illegal Transportation of Aliens |
| Manuel GUERRERO-Roman,           ) | |
|              ) | |
| Defendant.           ) | |

The undersigned complainant, being duly sworn, states:

On or about October 21, 2007, within the Southern District of California, defendant Manuel GUERRERO-Roman , with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Guillermo Alejandro NAPOLES-Sandoval, Remedios ARREDONDO-Mendoza, and Refugio Mizrain GARCIA-Luna had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

                                               MARCO A. MIRANDA
                                               Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 23rd DAY OF OCTOBER 2007.

                                                 PETER C. LEWIS
                                               United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Manuel GUERRERO-Roman

STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending U.S. Border Patrol Agents (BPA) D. Chavez, and Supervisory Border Patrol Agent P. Murray that on October 21, 2007, the defendant, was apprehended near Calexico, California, as the driver of a white 1997 GMC Van bearing California license, 5PUL903, as he smuggled (17) seventeen undocumented aliens from Mexico, in violation of law.

On October 21, 2007, the Calexico Station received a citizen call from a National Guardsman. The caller observed as approximately fifteen individuals boarded a white van that was traveling on the westbound lanes of Interstate 8. The caller followed the van as it continued westbound on Interstate 8.

BPA Chavez responded to the area and observed a van traveling westbound on Interstate 8 matching the description. BPA Chavez followed the van and drove beside it. BPA Chavez was able to identify the individual driving the white van. The driver was later identified as Manuel GUERRERO-Roman. BPA Chavez also observed as numerous individuals were attempting to conceal themselves in the rear of the van. Based on the observations, BPA Chavez determined that the white van was the vehicle that was previously reported.

Using the service vehicles over-head emergency lights and sirens, BPA Chavez attempted to perform a vehicle stop. The white van yielded approximately one mile west of the Highway 98 exit. Agent Chavez approached the van and identified himself as a United States Border Patrol Agent to the driver, Manuel GUERRERO-Roman, who was still sitting on the driver's seat along with seventeen other passengers inside the van. BPA Chavez determined through questioning, that the driver and the seventeen passengers were all citizens of Mexico without proper documentation to remain in the United States legally.

At the station, GUERRERO was advised of his Miranda rights in the Spanish language by BPA Flores. GUERRERO acknowledged understanding his rights and was willing to speak with BPA Salazar without an attorney present. GUERRERO stated that he was a citizen of Mexico without documents that would allow him to be in or remain in the United States legally. BPA

Salazar asked GUERRERO if he was aware why he was arrested by Border Patrol. GUERRERO stated that he knew he was arrested for smuggling illegal aliens and that he knew that this matter was illegal. GUERRERO also said that he has been residing in Mexicali, Baja California for several months, but intended to travel to Los Angeles, California to work and reside indefinitely. GUERRERO said that he made the arrangements to be smuggled into the United States for a fee of $2,500, but the fee changed to $1,500 if he was willing to drive the vehicle containing the aliens. GUERRERO said that he was smuggled along with the other seventeen illegal aliens and dropped off near the freeway. GUERRERO stated that he took control of the van once all the illegal aliens entered the van. GUERRERO drove the van for several minutes until being stopped by Border Patrol.

Material Witnesses Guillermo Alejandro NAPOLES-Sandoval, Remedios ARREDONDO-Mendoza, and Refugio Mizrain GARCIA-Luna, stated they are citizens of Mexico without immigration documents that would allow them to remain in the United States legally. ARREDONDO and GARCIA stated that they made arrangements to pay $2,000 to be smuggled into the United States. NAPOLES stated that he made the arrangement to pay $2,500 to be smuggled into the United States. ARREDONDO, GARCIA, and NAPOLES stated they crossed illegally by walking across the United States/Mexico International border.

ARREDONDO and NAPOLES were shown a six-pack photo lineup. They all positively identified GUERRERO as the driver of the van they were being smuggled in. GARCIA was unable to identify anyone.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
| --- | --- |
| Guillermo Alejandro NAPOLES-Sandoval | Mexico |
| Remedios ARREDONDO-Mendoza | Mexico |
| Refugio Mizrain GARCIA-Luna | Mexico |

Further, complainant states that Guillermo Alejandro NAPOLES-Sandoval, Remedios ARREDONDO-Mendoza, Refugio Mizrain GARCIA-Luna are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is

material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.